UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                     Plaintiff,<br><br>v.<br><br>3 ACRES OF LAND, MORE OR LESS, IN SAN DIEGO COUNTY, STATE OF CALIFORNIA; and STATE OF CALIFORNIA, et al.<br><br>                     Defendants. | Case No.: 22-cv-01325-AJB-AGS<br><br>**MEMORANDUM DECISION FOLLOWING HEARING ON DETERMINATION OF TITLE AND JUST COMPENSATION** |

This is a condemnation action by the United States of America ("United States") for the taking of 3.0 acres of land in San Diego County, California ("Subject Property") pursuant to its power of eminent domain. (Doc. No. 1.) The matter before the Court is the determination of title and just compensation concerning the Subject Property pursuant to Federal Rules of Civil Procedure ("Rule") 71.1(h). For the reasons set forth below, the Court **GRANTS** the United States' requested judgment on title and just compensation for the Subject Property.

## I. BACKGROUND

On September 6, 2022, the United States filed a Complaint in Condemnation, condemning the Subject Property—3.0 acres of land in San Diego County, California located on a thin strip of land along the north side of Highway 94, about a 15-mile drive northwest of the border with Mexico—for the public purpose "to continue operating, maintaining, repairing, and improving a U.S. Border Patrol immigration checkpoint." (Doc. No. 1-2 at 5.) Along with the Complaint, the United States filed a Notice of Condemnation and a Declaration of Taking, with Schedule G identifying the interested parties to the litigation as the State of California and the unknown heirs and/or devisees of Maria A. Burton, Nellie Burton, and Henry H. Burton. (Doc. Nos. 1-2 at 11, 3-1 at 11.)

That same day, the Court issued an Order directing the United States to deposit into the Court's Registry $19,500.00—the amount the United States estimates to be just compensation for the Subject Property. (Doc. No. 4, 5.) Having filed a Declaration of Taking and depositing its estimated value of just compensation, the United States obtained title to the Subject Property on September 7, 2022, pursuant to 40 U.S.C. § 3114(b). (Doc. Nos. 3, 6.)

On September 15, 2022, the United States filed an executed Waiver of Service as to the State of California. (Doc. No. 7.) On September 16, 2022, the Court approved the United States and the State of California's stipulation that: (1) on the date of the taking, the State of California had exclusive right to compensation, excepting the potential, disputed interested of the other parties named in Schedule G; (2) $19,500 is the full and just compensation for the taking of the Subject Property; (3) the agreement does not affect the potential ownership interest in the Subject Property by the unknown heirs and/or devisees of Maria A. Burton, Nellie Burton, and/or Henry H. Burton; (4) the deposited funds in the Court's Registry be distributed to the California Wildlife Conservation Board; and (5) in the event the Court finds any other person or entity is owed compensation for their interest in the Subject Property, the State of California will refund the appropriate share. (Doc. No. 9.)

| | |
|---|---|
| 1 | The United States represents that the unknown heirs and/or devisees of Maria A. Burton, Nellie Burton, and Henry H. Burton cannot be personally served because, after conducting a reasonably diligent search of the records as required by Rule 71.1(c)(3), the United States was unable to identify the names or addresses for these defendants. (Doc. No. 10.) Pursuant to Rule 71.1(d)(3)(B), the United States served the aforementioned defendants by publication and filed a Certificate of Serve by Publication on October 11, 2022. (Doc. No. 11.) |

The United States represents that the unknown heirs and/or devisees of Maria A. Burton, Nellie Burton, and Henry H. Burton cannot be personally served because, after conducting a reasonably diligent search of the records as required by Rule 71.1(c)(3), the United States was unable to identify the names or addresses for these defendants. (Doc. No. 10.) Pursuant to Rule 71.1(d)(3)(B), the United States served the aforementioned defendants by publication and filed a Certificate of Serve by Publication on October 11, 2022. (Doc. No. 11.)

On November 4, 2022, the Court scheduled a hearing to determine title and just compensation for the Subject Property for March 9, 2023. (Doc. No. 13.) The United States filed proof of service, certifying that on November 7, 2022, it provided a copy of the Court's November 4 Order to all parties of record for whom an address is known. (Doc. No. 14.) The United States also asks the Court to find that its service by publication on the unknown defendants complies with Rule 71.1. (*Id.*)

In advance of the hearing, the United States filed a memorandum of contention of fact and law, requesting the Court enter final judgment reflecting that California was the sole owner in fee of the Subject Property prior to condemnation, and that $19,500 is just compensation for the 3.0 acres of land condemned in this action. (Doc. No. 16 at 1–2.) The United States also submitted *in camera* a Property Appraisal Report detailing comparable land transactions, in support of its position. (*Id.*)

The State of California filed a notice of joinder in the United States' memorandum. (Doc. No. 18.) According to the State of California, it agrees that the facts, contentions, and law cited by the United States show that the State of California was the sole owner of the Subject Property on the date of the taking. (*Id.* at 2.) In the event any unknown defendants appear at the March 9 hearing and claim interest in the property, however, the State of California requests the Court allow it to contest such claims and postpone the evidentiary hearing so the parties may conduct an initial evaluation of the claims. (*Id.*)

On March 9, 2023, the Court held a hearing to determine title and just compensation for the Subject Property.

## II.   DISCUSSION

As a result of condemnation pursuant to 40 U.S.C. §§ 3113 and 3114, the United States acquired the Subject Property, which is about 3.0 acres of land in "[a] portion of Section 30, Township 17 South, Range 02 East, San Bernardino Base and Meridian, San Diego County, California"—the legal description and boundaries for which are extensively set forth in Schedule G of the Declaration of Taking. (Doc. No. 3-1 at 6.) The United States has adequately shown that it has identified all interested parties in the Subject Property and all interested parties have been served or waived service in accordance with Rule 71.1. The only interested party to file an answer or notice of appearance was the State of California, which has joined in the United States' memorandum of facts and contentions of law. No interested parties or landowners appeared at the hearing. Based on the evidence presented in this case, the Court hereby issues its determination on title and just compensation for the Subject Property.

### A.   Title

In a condemnation proceeding brought by the United States, the Court has authority to determine the amount of compensation for the condemned property and to apportion the compensation among the claimants. *See* Fed. R. Civ. P. 71.1(h)(1); *Catlin v. United States*, 324 U.S. 229, 233 (1945) (noting that appellate review of orders adjudicating ownership rights and just compensation for property in condemnation proceedings is ordinary). Inherent in the power to apportion compensation is the authority to determine who among competing claimants owns the condemned land. *See United States v. 1,629.6 Acres of Land, More or Less, in Sussex Cnty., State of Delaware*, 503 F.2d 764, 766 (3d Cir. 1974). And while the United States has no legal interest on the issue of ownership and distribution of the compensation award, the "United States attorneys are expected to aid the court in such matters as amici curiae." Fed. R. Civ. P. 71.1 advisory committee's note to 1951 amendment. To that end, the United States identified interested parties and filed title evidence as follows.

Prior to initiating the instant condemnation action, the United States engaged Westcor Land Title Insurance Company ("Westcor") to perform a public records search and determine title in the Subject Property. Based on the title documents located, the United States has identified the following parties with an interest in the Subject Property: (1) the State of California and (2) the unknown heirs and/or devisees of Maria A. Burton, Nellie Burton, and/or Henry H. Burton.

More specifically, Westcor located public records showing the State of California to be the sole owner in fee of the Subject Property beginning in 2001, when it acquired the parcel as part of an acquisition from the Lawrence A. Daley Trust. Westcor also determined, however, that the Subject Property is within a historic tract granted by land patent to Maria A. Burton, Nellie Burton, and Henry H. Burton in 1876. Westcor was unable to locate recorded title evidence that the patent recipients or their beneficiaries conveyed the property, but recorded title evidence showed that others subsequently owned and conveyed it as early as 1913.

In the United States' view, any interest the unknown beneficiaries of the patent recipients may have once had in the Subject Property was ultimately transferred to the State of California, when in in 2001, it acquired fee interest in the parcel as part of a 3,210-acre acquisition from the Lawrence A. Daley Trust. The conveyance was made by Grant Deed No. 2001-0311663, dated March 15, 2001, and recorded with the San Diego County Recorder's Office on May 16, 2001. The United States adds that U.S. Customs and Border Protection ("CBP") has continually leased the 3.0 acres at issue since 1996, first from the Lawrence A. Daley Trust, and then from the State of California, and no person or entity has challenged CBP's right to lease or occupy the premises during this time.

Having reviewed the evidence presented, the Court agrees with the United States and finds the State of California was the sole owner in fee of the Subject Property at the time of the taking, and is thus entitled to just compensation.

### B.     Just Compensation

The United States can condemn property for public use, but it must pay just compensation for the value of what is taken. *See* U.S. CONST. amend. V. When a whole parcel is taken, just compensation is "the fair market value of the property on the date it is appropriated." *Kirby Forest Indus., Inc. v. United States*, 467 U.S. 1, 9-10 (1984).[1] When a portion of a parcel is condemned, just compensation is the difference between the fair market value of the whole parcel immediately before the taking and the fair market value of the remainder of the parcel after the taking. *See United States v. Miller*, 317 U.S. 369, 376 (1943); *United States v. 4.0 Acres of Land*, 175 F.3d 1133, 1139 (9th Cir. 1999). Fair market value is the price a reasonable seller would demand, and the price a "willing buyer would pay in cash to a willing seller" for the property. *Kirby*, 467 U.S. at 10. Fair market value must be based on the property's highest and best use, which is the most profitable, legal use for which the property is adaptable and needed or likely to be needed in the reasonably near future. *See Olson v. United States*, 292 U.S. 246, 255 (1934). A property owner "must be made whole but is not entitled to more." *Id.*

The court determines just compensation where, as here, no party has demanded a jury trial. *See* Fed. R. Civ. P. 71.1(h)(1). During the hearing on just compensation, "a defendant–whether or not it has previously appeared or answered–may present evidence on the amount of compensation to be paid and may share in the award." Fed. R. Civ. P. 71.1(e)(3). The property owner bears the burden of proving just compensation. *See United States ex rel. Tenn. Valley Auth. v. Powelson*, 319 U.S. 266, 273 (1943). An award of just compensation may not be predicated on speculative or conjectural potential. *See Olson*, 292 U.S. at 255.

Prior to the hearing, the United States filed the Declaration of Eric E. Roman ("Roman"), a Certified General Real Estate Appraiser in the State of California and the Chief Appraiser for the U.S. Army Corps of Engineers, Sacramento, California District

---

[1] Internal citations, quotations, and alterations are omitted unless otherwise indicated herein.

(Doc. No. 16-2), and submitted *in camera* Roman's Property Appraisal Report ("Report") dated August 27, 2020.

Roman conducted a site visit of the Subject Property on August 12, 2020,[2] and determined it to be a 3.0-acre parcel within San Diego County Assessment Parcel Number (APN) 600-080-16-00 and located directly north of Highway 94 and south of Honey Springs Road and the Hollenbeck Canyon Wildlife Area. (Doc. No. 16-2 at 33.) According to Roman, the Subject Property is part of a 378.56-acre larger parcel, that includes APNs 600-080-16-00 and the contiguous 600-140-07-00, both of which are owned by the State of California, and besides the Highway 94 Border Patrol Checkpoint, are vacant, rural land. (*Id.*)

As to the Subject Property's valuation, the Report concluded that the value of the larger parcel before acquisition of the Subject Property was $2,460,640, and that the value of the remainder of the parcel after acquisition was $2,441,140. The Report also concluded that the highest and best use of the Subject Property is residential-agricultural use. *See Olson*, 292 U.S. at 255. Based upon comparable transactions and relevant adjustments, Roman valued the difference between the value of the property before and after the taking and concluded that $19,500 ($6,500 per acre) is the fair market value of the Subject Property. *See 4.0 Acres of Land*, 175 F.3d at 1139 ("Where the taking is a partial taking, just compensation is the difference between the fair market value of the whole parcel immediately before the taking and the remainder after the taking.") (citing *Miller*, 317 U.S. at 376). No party has contested the conclusions of the Report or the estimation of the fair market value of the Subject Property.[3] The Report states it was prepared in conformity with

---

[2] At the hearing, the parties stipulated that Roman made a typographical error in his declaration with respect to the year he conducted the site visit. The parties stipulated that he conducted the visit on August 12, 2020, not 2019.

[3] As previously noted, the Court had approved the United States and the State of California's joint stipulation that $19,500 is just compensation for the Subject Property. (Doc. Nos. 8, 9.) For the reasons stated in this Order, the Court reaffirms its approval of just compensation in the amount of $19,500.

the Uniform Standards of Professional Appraisal Practice, the Uniform Appraisal Standards for Federal Land Acquisition, and the U.S. Army Corps of Engineers Regulation.

Accordingly, having reviewed the Report, Roman's declaration, and the briefing in this case, the Court concludes that $19,500 is just compensation for the taking in this case.[4]

## III.  CONCLUSION

For the reasons stated herein, the Court finds that the State of California was the sole owner in fee of the Subject Property at the time of taking and that $19,500 is just compensation for the taking of the Subject Property. A separate Order of Final Judgment will issue.

**IT IS SO ORDERED**.

Dated:  March 10, 2023

                                        Hon. Anthony J. Battaglia
                                      United States District Judge

---

[4] As explained at the March 9 hearing, the Court finds, and the parties do not dispute, that Roman's expert valuation satisfies Rule 702 standards.